**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
(TYLER DIVISION)**

| | | |
|---|---|---|
| WELLPATH SOLUTIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:12-CV-00286-MHS |
| vs. | § | |
| | § | |
| WELLPATH ENERGY SERVICES, LLC, | § | JURY |
| DWIGHT MCLELLAN, & | § | |
| DUANE MCMAHON | § | |
| | § | |
| *Defendants* | § | |

**WELLPATH SOLUTIONS, INC.'S COMPLAINT AND
REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIONS**

Plaintiff Wellpath Solutions, Inc. ("Plaintiff" or "Wellpath") complains of Defendants Wellpath Energy Services, LLC, Dwight McLellan, and Duane McMahon (collectively "Defendants"), and states:

**NATURE OF THE ACTION**

1. This is an action for false designation of origin and fraudulent registration under the United States Trademark (Lanham) Act, 15 U.S.C. §§ 1125, and 1120 and for trademark infringement, unfair competition, breach of fiduciary duty, breach of contract, and unjust enrichment under Texas common law.

2. This lawsuit is brought to stop Defendants from infringing Plaintiff's valuable trademarks relating to its directional drilling services business in the oil and gas industry under the "Wellpath" mark and trade name. Wellpath has invested significantly in its services and it has become known and accepted where Wellpath's services are provided. Defendants' use of "Wellpath" in conjunction with the same services provided by Plaintiff is an apparent intentional

effort to trade on Plaintiff's credit, goodwill, and reputation for directional drilling services in the oil and gas industry. Despite Wellpath's request, Defendants have not stopped using the name "Wellpath" with their directional drilling services. Defendants' infringement of Wellpath's intellectual property rights are harming Wellpath as well as customers who may be confused and deceived by Defendants' conduct. Wellpath seeks this Court's intervention to stop Defendants from continuing their copycat strategy.

## THE PARTIES

3. Wellpath is a Texas corporation with its principal place of business in Carthage, Texas.

4. Defendant Wellpath Energy Services, LLC ("WES") is a Texas limited liability company with its principal place of business in Houston, Texas.

5. Defendant Dwight McLellan ("McLellan") is a natural person residing in the State of Arizona. His business address is 17171 Park Row, Suite 160, Houston, Texas 77084, residence address of 11504 W. Piccadilly Road, Avondale, Arizona, or wherever he may be found.

6. Defendant Duane McMahon ("McMahon") is a natural person residing in the State of Texas. His business address is 17171 Park Row, Suite 160, Houston, Texas 77084, residence address of 15493 Crown Oaks Drive, Montgomery, Texas 77316, or wherever he may be found.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331(a) (federal question) and 1338(a) (cause of action arising under an act related to trademarks).

8. This Court has personal jurisdiction over Defendants because Defendants are committing tortious acts within this State by, among other things, using infringing marks in connection with their directional drilling services, which has caused injury to Wellpath within this State.

**FACTUAL BACKGROUND**

9. Wellpath provides directional drilling services in the oil and gas industry under the "Wellpath" mark and trade name and has done so for the past approximately two years.

10. Larry Fields ("Fields") formed Wellpath to pursue a business opportunity originally presented to him by McMahon, who claimed to have significant experience and contacts in the directional drilling business.

11. McLellan and McMahon had previously formed a company by the name of Wellpath Solutions, LLC to pursue these opportunities on their own but were unsuccessful. On information and belief, McLellan and McMahon never conducted any business activity through this LLC.

12. As a result, McLellan and McMahon abandoned Wellpath Solutions, LLC and allowed it to go inactive. McLellan and McMahon agreed that Fields could take the name "Wellpath" and any associated marks to use in connection with the new business.

13. In October 2010, Wellpath was created as a Texas corporation. At the time, principal, Larry Fields, was Wellpath's sole director and shareholder.

14. The arrangement between Fields and McLellan and McMahon called for the day to day field operations to be handled by McLellan and McMahon and for Fields to provide investment capital and handle office/business operations and all financial aspects of the business.

15. McLellan and McMahon's primary responsibility was to pursue business opportunities on Wellpath's behalf with oil and gas companies and to obtain contract drilling agreements from them for directional drilling services.

16. The parties anticipated that upon a certain measure of successful sales and operations by Wellpath, and upon the repayment of the substantial financial investment in Wellpath by Wellpath's owners, that McLellan and McMahon would earn an ownership interest in Wellpath.

17. Upon commencement of work, McLellan and McMahon were to receive and have each been paid $10,000 per month by Wellpath, along with reimbursement of certain expenses.

18. Wellpath expended significant sums in developing its name and reputation with clients and potential clients and ultimately was successful in securing valuable drilling contracts from major oil and gas exploration companies.

19. Throughout this time, consistent with the arrangement, McLellan and McMahon were purportedly working on Wellpath's exclusive behalf and pursuing business for Wellpath's benefit.

20. Unbeknownst to Wellpath or Fields, sometime in 2011, however, McLellan and McMahon began secretly acting outside the scope of their relationship with Wellpath and began seeking to take advantage of Wellpath's trade name and established customer base for their own personal benefit.

21. For example in June 2011, McLellan unlawfully filed for federal trademark protection for the name and mark "Wellpath Solutions." McLellan and McMahon acted in concert to pursue this registration without Wellpath's knowledge or consent. Moreover, McLellan and McMahon took this action while at the same time being paid by Wellpath,

working on Wellpath's behalf, and while Wellpath was using and developing its name and reputation in the oil and gas industry throughout Texas and neighboring states.

22. In August 2011, McLellan unlawfully filed for and registered for federal trademark protection for the name and mark "Wellpath Energy Services." McLellan and McMahon took this action despite their obligation to work on Wellpath's behalf and in contravention of their agreement to cooperate and earn an ownership stake in Wellpath. Thus, the ownership and federal registration of this mark also resides with Wellpath, not Defendants.

23. At around the same time, McLellan and McMahon filed organizational documents with the state of Texas to create WES.

24. The Defendants' activities to misappropriate the name and trademark that Wellpath had previously developed in interstate commerce were in direct conflict with the obligations McLellan and McMahon owed to Wellpath.

25. McLellan and McMahon subsequently resigned from Wellpath without notice in early 2012. On information and belief, WES, McLellan, and McMahon were soliciting directional drilling business from Wellpath customers using Wellpath's name, and the vendors and customers had no idea that the entities were different.

26. On information and belief, the Defendants have priced their services similarly to Wellpath, which adds to the confusion in the industry.

27. On information and belief, the Defendants have misled Wellpath customers by presenting themselves as Wellpath employees and representatives when in fact the Defendants are acting in direct competition with Wellpath.

28. On information and belief these actions, the Defendants have caused confusion among those in the oil and gas industry which has and will damage Wellpath's reputation and

customer base. In fact, confusion in the industry has already started. Recently, Wellpath received an invoice from a vendor with Wellpath's customer number for work performed not on its behalf, but on Defendants' behalf.

29. The Defendants have also unlawfully attempted to claim ownership of the name and marks associated with the word "Wellpath."

30. Defendants' unauthorized use of Plaintiff's trademark falsely indicates to the purchasing public that Defendants, their business, and their goods and services originate with Plaintiff, or are affiliated, connected, or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff, when there is no connection whatsoever.

31. Defendants' unauthorized use of Plaintiff's trademark and trade name falsely designates the origin of Defendants' services, and falsely and misleadingly describes and represents facts with respect to Defendants and their services.

32. Defendants' unauthorized use of Plaintiff's trademark and trade name enables them to trade on and receive the benefit of goodwill built up at great labor and expense over the past approximately two years by Plaintiff and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Plaintiff and its name "Wellpath."

33. Defendants have been and continue to be unjustly enriched by obtaining a benefit from and taking undue advantage of Plaintiff and its goodwill. Specifically, Defendants have unfairly competed against and taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the name "Wellpath" owned by Plaintiff, resulting in Defendants' wrongfully obtaining a monetary and reputational benefit for their own business and services.

34. Defendants' unauthorized use of Plaintiff's trademark and trade name removes from Plaintiff the ability to control the nature and quality of services provided under its own "Wellpath" mark and name, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over which Plaintiff has no control.

35. Unless restrained by this Court, these acts of Defendants will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

36. The county court recognized this harm which is why it granted the TRO in order to promote the public good by protecting against consumer confusion, and protect the integrity of Plaintiff's substantial interest in its mark and name, as well as the nation's system of recognizing intellectual property.

### COUNT 1 – FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125 (A))

37. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

38. Wellpath invested substantial sums to create secondary meaning within the relevant markets.

39. Despite Wellpath's creation of secondary meaning in its name and service mark, and McLellan and McMahon's work for Wellpath under its name, the Defendants have willfully used Wellpath's name in Wellpath's business segment and have intentionally taken advantage of the confusion caused.

40. On information and belief, Defendants are copying the "Wellpath" name with full knowledge of Plaintiff's rights, and in bad faith with a willful and deliberate intent to trade on the goodwill in Plaintiff's mark and name.

41. Defendants' conduct has caused and is causing irreparable injury to Wellpath and, unless enjoined by this Court, will continue both to damage Wellpath and to deceive the public. Wellpath has no adequate remedy at law.

42. Defendants' use of the "Wellpath" mark in connection with the promotion and sale of its directional drilling services is a false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake, or deception as to an affiliation, connection, or association of Defendants' services with Plaintiff's services or New Plaintiff's Wellpath mark, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43. As a result of Defendant's actions in using the "Wellpath" mark to promote and sell its services, upon information and belief Plaintiff has sustained, and will continue to sustain, harm to its valuable goodwill and reputation established in connection with the use and promotion of its "Wellpath" mark, causing loss of profit or revenue and other harm for which there is no adequate remedy at law.

44. On information and belief Defendants' actions are willful and in reckless disregard of Plaintiff's rights.  Defendants intentional infringement has damaged Plaintiff as described above, entitling it to treble its actual damages and to an award of attorney's fees under 15 U.S.C. § 1117.

45. Unless restrained and enjoined, Defendant is likely to continue to engage in trademark infringement, causing Plaintiff irreparable damage. Thus, Plaintiff is entitled to injunctive relief and damages.

### COUNT 2 – FRAUDULENT REGISTRATION UNDER THE LANHAM ACT (15 U.S.C. § 1120)

46. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

47. Defendants misrepresented the USPTO that they have ownership of the mark "Wellpath" in violation Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1120.

### COUNT 3 – BREACH OF FIDUCIARY DUTY AS TO MCLELLAN AND MCMAHON

48. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

49. McLellan and McMahon represented and understood that it was in a partnership with Plaintiff under which it would earn an equity interest in Wellpath over and above the significant amount of compensation it was and would continue to be paid.

50. McLellan and McMahon owed a fiduciary duty to their partnership.

51. Defendants breached that duty by the conduct described in this Complaint.

52. Defendants' breach of fiduciary duty has caused and continues to cause significant injury to Wellpath. Their acts have caused and continue to cause Wellpath damages by depriving Wellpath of its investments in the goodwill of its customers, suppliers, and vendors, as well as lost profits.

## COUNT 4 – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

53. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

54. The Defendants were aware and are aware of Wellpath's business relationships and competitive position with respect to its customers, suppliers, and vendors.

55. The Defendants nevertheless willfully and intentionally interfered, without privilege, justification, or authorization, with Wellpath's existing and ongoing business relationships with its customers, suppliers, and vendors.

56. The Defendants' tortious interference has directly and proximately caused damage to Wellpath including, but not limited to, lost sales and profits, lost goodwill, and the impairment of Wellpath's future earning capacity and competitive position in crucial marketplaces.

57. Because the Defendants' conduct was and is willful and intentional, Wellpath is entitled to recover punitive damages.

## COUNT 5 – COMMON LAW TRADEMARK INFRINGEMENT

58. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

59. The acts of Defendants complained of herein constitute trademark infringement under the common law of Texas.

60. Defendants' conduct has caused and is causing irreparable injury to Plaintiff and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

## COUNT 6 – COMMON LAW UNFAIR COMPETITION

61. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

62. The acts of Defendants complained of herein constitute unfair competition under the common law of Texas.

63. Defendants' conduct has caused and is causing irreparable injury to Plaintiff and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

## COUNT 7 – FRAUD AS TO MCLELLAN AND MCMAHON

64. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

65. McLellan and McMahon consistently made material representations to Wellpath that they intended to work on Wellpaths' behalf to develop Wellpath's business in the oil and gas industry.

66. At the same time that McLellan and McMahon made these representations, the Defendants were intentionally and unlawfully seeking to misappropriate Wellpath's trade name and business reputation and use it for their own benefit through WES.

67. Thus, the Defendants made these representations to Wellpath knowing them to be false and with the intent to deceive Wellpath and to gain Wellpath's reliance.

68. Wellpath suffered significant damages as a result.

## COUNT 8 – ATTORNEYS' FEES

69. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

70. Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Wellpath seeks an award of reasonable attorneys' fees and expenses incurred in connection with the prosecution of this petition, any appeals to the court of appeals or the Supreme Court of Texas.

### COUNT 9 – PUNITIVE DAMAGES

71. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

72. In addition to the damages sought above, the Defendants' conduct represents malicious conduct that may be shown by clear and convincing evidence to entitle Wellpath to a recovery of punitive damages.

### COUNT 10 – BREACH OF CONTRACT

73. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth here.

74. Wellpath and McLellan and McMahon are parties to a binding agreement pursuant to which McLellan and McMahon each agreed to work on Wellpath's behalf and for Wellpath's exclusive benefit.

75. McLellan and McMahon breached their agreements with Wellpath by unlawfully pursuing their own business from Wellpath's clients and customers.

McLellan and McMahon's breach of contract has caused and continues to cause significant injury to Wellpath. Their acts have caused and continue to cause Wellpath damages in an amount in excess of the minimum jurisdictional limits of the Court by depriving Wellpath of its investments in the goodwill of its customers, suppliers, and vendors, as well as lost profits.

**PRELIMINARY INJUNCTION**

76. Wellpath incorporates by reference for all purposes the allegations in the preceding paragraphs.

77. The Defendants continue to misappropriate Wellpath's trade name on a daily basis. Furthermore, the Defendants have breached their agreements with Wellpath and fraudulently attempted gain and abuse Wellpath's trust.

78. Wellpath has pleaded for, and has a probable right to relief for the claims it asserts, as the Defendants have no justification for their wrongful acts as described herein.

79. The harm and loss described herein is irreparable and will continue unless this Court enjoins the conduct of the Defendants. Irreparable damage and harm is being done to Wellpath on a daily basis as the Defendants have taken advantage of Wellpath's business relationships and reputation in the industry.

80. There is no adequate remedy at law to address the ongoing conduct of Defendants because Wellpath cannot recover from the damage to its goodwill and reputation that is ongoing every day the Defendants' wrongful conduct is not enjoined.

81. Therefore, Wellpath is entitled to injunctive relief enjoining the Defendants from taking any further unlawful actions to damage and/or misappropriate Wellpath's trade name and business relationships.

82. Specifically, Wellpath seeks a preliminary and permanent injunction enjoining the Defendants and Defendants' officers, agents, servants, attorneys, employees, any companies owned or controlled by Defendant, and their affiliates, successors and assigns, and all of those in active concert or participation with any of them who receive notice directly or otherwise, from:

    a.    using any business or trade name involving the term "Wellpath" either by itself or in combination with any other word or term;

    b.    attempting to contact or otherwise solicit business of any client or potential client of Wellpath;

    c.    attempting to file or register any trademark or service mark using the term "Wellpath";

    d.    representing to any person or entity in the oil and gas industry that the Defendants have any connection with Wellpath or any right to operate under such name;

    e.    accepting, disbursing, or otherwise transferring any funds the Defendants have received from any client or potential client of Wellpath; and

    f.    using any mark that is confusingly similar to the "Wellpath" mark and name, or any other symbols or indicia associated with Wellpath or as part of, a trademark, service mark, trade name, business name, fictitious business name or other identifier.

83.    This application is supported by the accompanying declaration of Larry Fields.

## PRAYER

Plaintiff requests:

A.    A preliminary and permanent injunction as specifically set forth in paragraph 82(a-f);

B.    That Defendants be ordered to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry and service on Defendants of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction;

C.    For damages, including compensatory and exemplary damages in an amount to be proved at trial;

D.    For treble damages pursuant to 15 U.S.C. § 1117;

E.	An equitable accounting be directed to determine Defendants' profits resulting from their infringement and other activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

F.	That Plaintiff recover its reasonable attorneys' fees and expenses through appeal;

G.	That Plaintiff recover costs and pre- and post-judgment interest; and

H.	That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wellpath demands a trial by jury on all issues.

DATED: MAY 2, 2012

Respectfully Submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP


By:	/s/ Brian F. Antweil
	Brian F. Antweil
	State Bar No. 01275750
	bantweil@akingump.com
	LEAD ATTORNEY
	J. Josh Clayton
	State Bar No. 24050426
	jclayton@akingump.com
	Manoj Gandhi
	State Bar No. 24055518
	mgandhi@akingump.com
	1111 Louisiana Street, 44th Floor
	Houston, Texas 77002
	Telephone:  713-220-5800
	Facsimile:  713-236-0822

**ATTORNEYS FOR PLAINTIFF
WELLPATH SOLUTIONS, INC.**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been forwarded to the Defendants and/or counsel of record in accordance with the Rules of Civil Procedure on this 4th day of May, 2012.

      /s/ Brian F. Antweil
         Brian F. Antweil