IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WELLPATH SOLUTIONS, INC. | § | |
| VS. | § | CIVIL ACTION NO.6:12cv286 |
| WELLPATH ENERGY SERVICES, LLC, *et al.* | § | |

MEMORANDUM OPINION AND ORDER

The above-styled case was transferred to the undersigned with the consent of the parties on August 23, 2012, in accordance with 28 U.S.C. § 636. Defendants filed a Supplemental Motion to Dismiss for Failure to State a Claim (document #28), which is the subject of this Order.

*Background*

Plaintiff Wellpath Solutions, Inc. filed this lawsuit in the County Court at Law of Panola County, Texas, against Defendants Wellpath Energy Services, LLC, Dwight McLellan and Duane McMahon. The case was removed to this Court on April 25, 2012. This case primarily concerns an alleged trademark infringement. Both sides assert an entitlement to the "Wellpath" name. Plaintiff's claims in the Amended Complaint, filed on May 4, 2012, include: (1) false designation of origin under the Lanham Act, (2) fraudulent registration under the Lanham Act, (3) common law trademark infringement, (4) common law unfair competition, and (5) tortious interference with business relations. As to just McLellan and McMahon, Plaintiff asserts claims for (1) breach of fiduciary duty, (2) fraud and (3) breach of contract. Defendants assert counterclaims for: (1) malicious prosecution, (2) tortious interference with existing contracts, (3) tortious interference with

1

prospective relationships, and (4) an action on injunction bond. McLellan and McMahon assert claims for (1) breach of contract, (2) infringement of trademark, (3) misuse of trademark and (4) common law trademark infringement.

Plaintiff alleges that Defendants have infringed on its valuable trademarks relating to its directional drilling services business in the oil and gas industry by using the "Wellpath" mark and trade name. Although Plaintiff acknowledges that Defendants Dwight McLellan and Duane McMahon first used the Wellpath name for their company Wellpath Solutions, LLC, Plaintiff contends that no business activity was conducted through Wellpath Solutions, LLC and McLellan and McMahon abandoned the company, allowing it to go inactive. Plaintiff submits that Wellpath Solutions, Inc. was formed by Larry Fields after he was approached by McMahon with a business opportunity. According to Plaintiff, Wellpath Solutions, Inc. was incorporated in October 2010 with Fields serving as the sole director and shareholder. McLellan and McMahon were to handle day to day field operations with Fields providing investment capital and business operations. Plaintiff submits that McLellan and McMahon were responsible for pursuing contract drilling agreements, with an opportunity for an ownership interest after Fields' initial investment was repaid. McLellan and McMahon were also to receive monthly payments together with the reimbursement of expenses once work commenced.

Plaintiff alleges that McLellan and McMahon, however, began using the "Wellpath" name for their own benefit in 2011 without informing Fields. Plaintiff further alleges that McLellan filed for federal trademark protection for the name and mark "Wellpath Solutions" in June 2011, and then for the name and mark "Wellpath Energy Services" in August 2011. Plaintiff contends that McLellan and McMahon continued to receive payments from Wellpath Solutions, Inc. while they

2

were surreptitiously soliciting directional drilling business for themselves using the Wellpath name. Plaintiff submits that Defendants misled Wellpath customers by presenting themselves as Wellpath employees, caused confusion among customers in the industry, unlawfully attempted to claim ownership of the Wellpath name, wrongfully used Plaintiff's trademark and trade name and were unjustly enriched by trading on and profiting from the goodwill in the name "Wellpath."

Defendants filed a Supplemental Motion to Dismiss for Failure to State a Claim (document #28). Defendants assert that Plaintiff has not alleged sufficient facts to support its claims for violation of the Lanham Act, breach of fiduciary duty, tortious interference with business relations, common law trademark infringement, common law unfair competition, fraud, and breach of contract. Defendants argue that Plaintiff has not alleged facts supporting a claim pursuant to §§ 1125(a) or 1120 of the Lanham Act, showing that Defendants owed a fiduciary duty to Plaintiff, showing that it has a protectable right in the trademark that was allegedly infringed upon or showing that false and material representations were made by Defendants. Defendants submit that Plaintiff's allegations concerning its claims for tortious interference, trademark infringement, unfair competition, fraud and breach of contract are conclusory and do not put Defendants on notice of the purported claims against them. Defendants deny that Plaintiff has stated a claim for which attorney's fees or punitive damages are permitted.

*Discussion and Analysis*

Defendants seek dismissal of the complaint pursuant to Fed.R.Civ.P.12(b)(6). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir.2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir.2005). The complaint

must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id.* at 1950 (*quoting* Fed.R.Civ.P. 8(a)(2)).

Lanham Act

Plaintiff asserts a claim pursuant to 15 U.S.C. § 1125(a)(1)(A). Defendants complain that Plaintiff's allegations are too speculative and conclusory. Section 1125(a)(1)(A) provides for a civil action when a person uses a "word, term, name, symbol, or device . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." Liability under § 1125(a) hinges on the likelihood of confusion in the marketplace regarding the source of a particular good or service. *Sport Supply Group, Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 460 (5th Cir.2003)

In the Amended Complaint, Plaintiff alleges that Defendants reached an agreement with Larry Fields whereby Fields would create Wellpath Solutions, Inc. and serve as its sole director and shareholder, with Defendants pursuing contract drilling agreements for Wellpath Solutions, Inc.

Plaintiff further alleges that Defendants thereafter have used and are using the Wellpath name to provide the same services to the same pool of customers, separate and apart from Wellpath Solutions, Inc., for their own entity Wellpath Energy Services, LLC. These alleged facts are sufficient to meet the requirements of Fed.R.Civ.P. 8(a) and to state a claim to relief that is plausible on its face.

Plaintiff additionally asserts a claim pursuant to 15 U.S.C. § 1120. Section 1120 provides for civil liability when a person procures "registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means . . ." Plaintiff alleges that Defendants, when applying for registration of Wellpath marks, misrepresented to the USPTO that they had ownership of those marks. More specifically, Plaintiff submits that Defendants falsely presented themselves to the USPTO as owners of the Wellpath marks after they allegedly agreed to allow Plaintiff to use the name "Wellpath" and any associated marks. These factual allegations go beyond merely reciting the elements of the cause of action and put Defendants on sufficient notice as to Plaintiff's claim. Defendants have not shown that they are entitled to dismissal of Plaintiff's Lanham Act claims.

Breach of Fiduciary Duty

Texas law provides that the elements of a claim for breach of fiduciary duty include: (1) the existence of a fiduciary relationship between plaintiff and defendant; (2) a defendant's breach of the fiduciary duty it owed plaintiff; and (3) the breach either caused injury to the plaintiff or benefit to the defendant. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir.2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.–Dallas 2006, pet. denied)). Plaintiff alleges that McLellan and McMahon served as agents of Wellpath Solutions, Inc., working towards an

ownership interest. As such, Plaintiff submits that an agency relationship existed forming the basis for a fiduciary duty to Plaintiff. The complaint further alleges that Defendants breached their fiduciary duty to Plaintiff by secretly using the Wellpath name and customer base to develop their own new business providing the same services as Plaintiff and by seeking trademark protection for the Wellpath name while falsely asserting ownership of the Wellpath name and marks. According to Plaintiff, Defendants actions have damaged its reputation and business.

While Defendants disagree that they owed a fiduciary duty to Plaintiff, the issue in the context of a motion to dismiss is whether the plaintiff has asserted a claim that states a plausible claim for relief. Dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is intended to address the sufficiency of the pleadings. See *Stowe v. Russell*, 564 F.Supp. 666, 671 (E.D.Tex. March 24, 2008) (citing *Southard v. United Regional Health Care System., Inc.*, 2006 WL 1947312, at *3 (N.D.Tex. June 12, 2006)). All well-pleaded facts are accepted as true and are viewed in the light most favorable to Plaintiff. Plaintiff has alleged sufficient facts to state a claim for breach of fiduciary duty.

<u>Tortious Interference</u>

Under Texas law, there are four elements to a claim of tortious interference with prospective business relationships: (1) a reasonable probability that the plaintiff would have entered into a business relationship, (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring, (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct, and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference. *Baty v. ProTech Insurance Agency*, 63 S.W.3d 841, 860

(Tex.App.–Houston [14th Dist.] 2001, pet. denied). Liability requires proof that the plaintiff was harmed by conduct of the defendant that was "independently tortious or unlawful." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex.2001).

Plaintiff alleges that McLellan and McMahon, while working for Plaintiff, solicited customers for their new business using the Wellpath name and using Plaintiff's customer base. Plaintiff contends that Plaintiffs presented themselves to existing and potential customers as "Wellpath" employees without clarifying that they were seeking business for their new venture. These factual allegations are sufficient to meet Plaintiff's pleading requirement.

Trademark Infringement

The same analysis applicable to Plaintiff's claim brought pursuant to 15 U.S.C. § 1125(a)(1)(A) is applicable its common law trademark infringement claim. "The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law." *Sport Supply Group*, 335 F.3d at 461 (quoting *All American Builders, Inc. v. All American Siding of Dallas, Inc.*, 991 S.W.2d 484, 488 (Tex.App.–Fort Worth 1999)). As with Plaintiff's claim brought pursuant to the Lanham Act, Plaintiff has alleged sufficient facts to state a claim for common law trademark infringement.

Unfair Competition

To prevail on a common law claim of unfair competition in Texas, a plaintiff must show that the defendant committed an illegal act that interfered with the plaintiff's ability to conduct its business; the illegal act need not necessarily violate criminal law, but must at least be an independent tort. *Taylor Publishing Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir.2000) (citing *Schoellkopf v. Pledger*, 778 S.W.2d 897, 904-05 (Tex.App.–Dallas 1989, writ denied)). A violation of the Lanham

7

Act automatically provides a cause of action for common law unfair competition. See *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161 (11th Cir.1994); *Marathon Mfg. Co. v. Emerlite Products Corp.*, 767 F.2d 214, 217 (5th Cir.1985). The complaint alleges an independent tort that has allegedly interfered with Plaintiff's ability to conduct its business. These allegations are sufficient to state a claim for common law unfair competition.

Fraud

A fraud claim requires showing: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex.2001). A heightened pleading requirement applies to claims of fraud. Pursuant to Fed.R.Civ.P. 9(b), the circumstances constituting fraud must be stated with particularity. "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir.1997).

Plaintiff's fraud claim focuses on McLellan and McMahon's alleged statements to Fields. Plaintiff contends that McLellan and McMahon consistently told Fields that they intended to work on Plaintiff's behalf to develop Plaintiff's business in the oil and gas industry, all the while secretly forming their own separate business to provide the same services using the "Wellpath" name. These alleged statements occurred in 2011 and McLellan and McMahon allegedly knew them to be false

8

when they were made. Having reviewed the complaint, the Court finds that Plaintiff has sufficiently alleged fraud with the particularity required under Rule 9(b).

Breach of Contract

The essential elements of a claim for breach of contract under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex.App.–Houston [1st Dist.] 2001, no pet.). The complaint alleges that the parties entered into a binding agreement by which McLellan and McMahon agreed to work on Plaintiff's behalf and for Plaintiff's exclusive benefit. Plaintiff submits that it paid McLellan and McMahon as provided for in their agreement and that McLellan and McMahon violated the agreement by working on their own private venture while being paid by Plaintiff. Plaintiff submits that it has been damaged by Defendants' actions in the form of lost investment in the goodwill of its customers, suppliers and vendors and lost profits. These alleged facts are sufficient to state a breach of contract claim.

After due consideration, having fully considered the motion and response thereto, it is hereby

**ORDERED** that Defendants' Supplemental Motion to Dismiss for Failure to State a Claim (document #28) is **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **March, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE